UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HITESH PRATAPRAI RAWAL,**

      **Plaintiff,**

**v.**                                              **Case No: 6:25-cv-473-PGB-LHP**

**SANTANDER CONSUMER USA, INC.,**

      **Defendant.**

                                /

## ORDER

This cause is before the Court upon *pro se* Plaintiff Hitesh Prataprai Rawal's ("**Plaintiff**") Emergency Motion for Temporary Restraining Order and Injunctive Relief (Doc. 1 (the "**Motion**")).[1] Upon consideration, the Motion is due to be denied without prejudice.

**I.      BACKGROUND**

Plaintiff filed the instant Motion on March 18, 2025. (Doc. 1). Therein, Plaintiff seeks a temporary restraining order enjoining Defendant Santander Consumer USA, Inc. ("**Defendant**") "from selling, transferring, or otherwise disposing of the vehicle [at issue] until this Court determines the merits of Plaintiff's claims." (*Id.* at p. 1).

---

[1]    The Court does not require a response from Defendant Santander Consumer USA, Inc. to resolve the instant Motion. *See* Local Rule 6.03(a) ("Before authorization [of an in forma pauperis action], no party or other person must respond to any paper, except a court order."); (Doc. 2).

## II.   STANDARD OF REVIEW

District courts may issue temporary restraining orders in limited circumstances. *See* FED. R. CIV. P. 65(b)(1); Local Rule 6.01. The Court discusses certain requirements for issuing such relief below.

### A.   Notice

Pursuant to Rule 65(b)(1), the Court may issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)–(B).

### B.   Security

Under Rule 65, the court may issue a "temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). Likewise, under the Local Rules, a motion for a temporary restraining order must include "a precise and verified explanation of the amount and form of the required security." Local Rule 6.01(a)(4).

### C.   Legal Memorandum

Under Local Rule 6.01(b), a motion for a temporary restraining order must include "a supporting legal memorandum" establishing each of the following:

2

(1) the likelihood that the movant ultimately will prevail on the merits of the claim,
(2) the irreparable nature of the threatened injury and the reason that notice is impractical,
(3) the harm that might result absent a restraining order, and
(4) the nature and extent of any public interest affected.

Local Rules 6.01(a)(5), 6.01(b).

### D.   Proposed Order

In addition, under the Local Rules, a motion for a temporary restraining order must include "a proposed order." Local Rules 6.01(a)(6).

## III.   DISCUSSION

As an initial matter, the Court notes that Plaintiff has failed to file a complaint, and thus, he has not properly commenced this action before the Court. *See* FED. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court."). In any event, Plaintiff's Motion fails to meet virtually any of the procedural requirements to support his request for a temporary restraining order.[2] (*See* Doc. 1).

First, Plaintiff fails to comply with Rule 65(b)(1)'s notice requirements. Because Plaintiff fails to indicate that Defendant has received notice of the Motion, he must comply with Federal Rule of Civil Procedure 65(b)(1) for a temporary restraining order to be issued without notice. (*See* Doc. 1). However, Plaintiff

---

[2]   Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

provides no indication to the Court that he satisfies Rule 65(b)(1)(A) and 65(b)(1)(B). (*See id.*).

Second, Plaintiff fails to comply with the security requirement under Federal Rule of Civil Procedure 65(c) and Local Rule 6.01(a)(4). (*See* Doc. 1).

Third, the Motion fails to include "a supporting legal memorandum" as required by Local Rule 6.01(a)(5) and Local Rule 6.01(b). Although Plaintiff, in a conclusory fashion, maintains that he satisfies the criteria set forth in Local Rule 6.01(b), Plaintiff fails to provide any argument, law, or facts to establish that the required elements have been met. (*See* Doc. 1). Notably, Plaintiff cannot establish "the likelihood that [he] ultimately will prevail on the merits of the claim," especially considering there is no complaint in this action in which Plaintiff asserts a claim. (*See id.*); Local Rule 6.01(b)(1).

Finally, Plaintiff has not included a proposed order on the Motion pursuant to Local Rule 6.01(a)(6).

Ultimately, because injunctive relief is an extraordinary remedy, proper procedure must occur prior to the issuance of such relief. *See Rumfish Y Vino Corp. v. Fortune Hotels, Inc.*, 403 F. Supp. 3d 1227, 1231 (M.D. Fla. 2019) (citations omitted). Consequently, Plaintiff's Motion is denied without prejudice.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Emergency Motion for Temporary Restraining Order and Injunctive Relief (Doc. 1) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Orlando, Florida on March 20, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

5